[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AFTER TRIAL
The court, after hearing testimony and examining the proofs offered by the respective parties, and after reviewing the briefs filed, finds the issues on the Revised Complaint and Cross complaint (counterclaim) as follows:
1. REVISED COMPLAINT
A. FIRST COUNT
For the plaintiff on the issue of false misrepresentation:
B. SECOND COUNT
For the defendant on the issue of conversion inasmuch as conversion is inapplicable to the real property subject to this litigation.
C. THIRD COUNT
For the plaintiff on the issue of breach of the oral contract.
D. FOURTH COUNT CT Page 8025
For the plaintiff on the issue of unjust enrichment.
E. FIFTH COUNT
For the defendant on the issue of emotional distress.
II. CROSS COMPLAINT
(COUNTERCLAIM)
Inasmuch as the cross complaint sounds in the nature of a counterclaim, the court treats it as the same. This counterclaim seeks remuneration for mortgage and other payments, and for prospective payments associated with the subject property. The subject of these payments is addressed below.
As a result of the findings on the aforesaid counts of the Revised Complaint, it is ordered, adjudged and decreed that:
1. Defendant Gerald Passaro holds in constructive trust an undivided one-half interest in and to the real property described in Exhibit B, and known as 506 Oxford Road, Oxford, Connecticut.
2. Plaintiff Texenne Bosco is entitled to have legal title to said undivided one-half of the property conveyed to her and to exclusive possession of said property.
3. Defendant Gerald Passaro shall convey by September 27, 1991 to plaintiff Texenne Bosco an undivided one-half interest in said property.
4. Defendant Gerald Passaro is entitled to certain reimbursements for payments made, and equitable financial adjustments for expenses and work devoted to improvements relative to the subject property.
5. Further equitable adjustments must be made to reflect the contributions and obligations of both parties relative to the subject property.
6. Inasmuch as the parties have agreed that the property shall be sold privately and have entered into arrangements to facilitate the private sale, the court shall schedule forthwithly a hearing to address the matter of the sale, the proceeds from the sale, equitable adjustments and requested reimbursements. CT Page 8026
7. The parties shall notify the court as to any pending sale.
8. Until further order, neither party shall encumber nor dispose of said property, or allow waste or harm to said property.
CLARANCE J. JONES, J.